199

William Binney
vs.     Eq.No.4401
Rhode Island Hospital
Trust Company,
Trustee, et al

July 5, 1918

TANNER, P. J. This is a bill in equity brought against Elizabeth A. Goddard and others.

Said Elizabeth A. Goddard is the equitable life owner of two estates, one being the country estate at Potowomut and the other a city estate in Providence. The complainant has occupied said two estates for the last 10 years under an arrangement with the said Elizabeth A. Goddard, which he claims to have been a contract, that he should occupy said estates under said arrangement during the life of said Elizabeth A. Goddard. The uncontradicted affidavits introduced by the complainant show that he has occupied said estates under said arrangement with said Elizabeth A. Goddard for the last ten years.

The said complainant is a grandson of Charlotte R. Goddard from whom said estates came. The said Elizabeth A. Goddard, after the death of her husband, Moses Goddard, said that she did not care to occupy said estates during her life and desired the complainant to occupy said estates free from rent with an allowance of $6000 a year for the purpose of keeping the said estates in the same condition as they were during their occupation by Moses Goddard.

Said Elizabeth A. Goddard has now become non compos mentis and the respondent, Caroline K. Everett, has been appointed conservator of the property of said Elizabeth A. Goddard and has notified the complainant that she wishes to terminate the arrangement under which he is occupying said estates.

The complainant claims that the arrangement under which he occupies is a contract. This is, no doubt, his honest construction of the ar-

**200**

rangement under which he occupies. It is not, however, clear to the Court that such an arrangement is to be construed as a contract. We doubt if the respondent, Elizabeth A. Goddard, intended to absolutely bind herself to said arrangement for her life rather than to provide an arrangement which should continue as long as it was mutually agreeable. It would seem to be a somewhat extraordinary contract for her to have made.

The complainant claims further, however, that said arrangement has always been, for the ten years during which it has existed, satisfactory to said Elizabeth A. Goddard and would undoubtedly continue to be so if she were not under guardianship. He therefore claims that, under an equitable doctrine, said arrangement should be continued.

We are satisfied that in all probability said arrangement would be continued by said Elizabeth A. Goddard. All the circumstances in evidence indicate clearly that she did not desire to have said estates occupied by any but members of the family; that she had no desire to profit by leasing it that considerations of family pride in the estates which had been long in the family and regard for her late husband induced said Elizabeth A. Goddard to make said arrangement, and it was particularly agreeable to her to have said complainant occupy and care for said estates. The evidence indicates that she would like to have been able to devise said estates to the complainant and thought that some family arrangement should be made whereby he could enter and occupy them.

Under these circumstances we believe that equitable doctrines justify the Court in saying that the complainant should be permitted to occupy the estates as heretofore. We have examined the cases quoted and believe that the correct doctrine is

stated in the case of Ex parte Whitbread in the matter of Hinde, 2 Merivale Reports, 99.

"If we go to the principle we find that it is not because the parties are next of kin of the lunatic, or as such have any right to an allowance, but because the Court will not refuse to do for the benefit of the lunatic that which it is probable the lunatic himself would have done."

In re Heeney, 2nd Barber Chan. Reports 326:

"After a full examination of the subject I come to the conclusion that a court of chancery had the power out of the surplus income of the estate of a lunatic to provide for the support of one who was not the next of kin and whom the lunatic was under no legal obligation to support, where the chancellor was satisfied beyond all reasonable doubt that the

**201**

lunatic himself would have provided for the support of such person if he had been so sound mind so as to be legally competent to do so."

We find no merit in the suggestion that there is an adequate remedy at law. Equity had original jurisdiction in such a case and even if an equitable plea could be filed in an action of ejectment brought against the complainant, which is doubtful, equity is not thereby deprived of its original jurisdiction.

It is strongly urged that the Court ought to require a bond from the complainant as a condition of granting a preliminary injunction. This is a matter within the discretion of the Court and the Court would exercise its discretion if it thought it were necessary to protect the rights of the respondents. The complainant, however, seems to make such a clear case upon undisputed evidence as to the nature of the arrangement and the probability of the desire of the respondent Elizabeth A. Goddard to continue such arrangement if she

were sane, that we do not think justice requires us to exercise this discretion.

"While the complainant's right is clear, he will not be required to give bond."

Dodd vs. Fladell, 17 N. J. Eq., 255.

The injunction is therefore granted.

For Complainant: Green, Hinckley & Allen.

For Respondents: Edwards & Angell and Tillinghast & Collins.